[No. 5734.]

## Bartlett v. O'Mahoney.

Judgment—Conclusive Effect—An action involving the title to certain chattels, then in possession of the sheriff, was dismissed, and the sheriff was ordered to retain custody of the chattels.   Held to conclude the parties and their successors in office, and bar a subsequent replevin by one of the parties against the successor in office of the other.

*Appeal from Lake District Court*—Hon. Frank W. Owers, Judge.

Mr. G. K. Hartenstein, for appellant.

Mr. D. C. Beaman, and Mr. J. T. Hogan, for appellee.

Mr. Justice Gabbert delivered the opinion of the court:

Appellant, in October, 1903, commenced suit in replevin against Lorenzo F. Long, then sheriff of

Lake county, to recover possession of the hides, heads and bones of four buffalo or bison. Afterwards the appellee, as sheriff and successor of Long, was substituted defendant. On the issues made by the pleadings the case went to trial before a jury. At the conclusion of the testimony on the part of the plaintiff, the court directed a verdict for the defendant, and judgment was entered accordingly. Several interesting questions involving the construction of the game laws of the state are argued by counsel, which we shall decline to pass upon, for the reason it appears that plaintiff was not entitled to maintain his action, and that the verdict rendered and judgment entered thereon cannot be disturbed.

It appears from the answer and testimony, that in February, 1903, an action was commenced in the district court of Lake county, by Charles W. Harris, then state game and fish commissioner of the state, against the plaintiff, and Sheriff Long (the latter then being in possession of the property in controversy), and others, for the purpose of having such property adjudged to belong to the state of Colorado. Later, John M. Woodard, who had succeeded Harris as state game and fish commissioner, was substituted as plaintiff in that action. After this substitution, and on August 3, 1903, such proceedings were had in the case that the action was dismissed, and Sheriff Long was ordered and directed by the court to retain the charge, control, custody and possession of the property. The judgment directing the sheriff to retain possession and control of the property may have been erroneous, but the judgment of a court of record having jurisdiction of the subject-matter and of the parties to an action, and which is not in excess of its jurisdiction, although erroneous, is *res judicata* as to the parties to it, until set aside in a direct proceeding attacking it. The district court had juris-

diction of the case, and jurisdiction of the parties, as well as jurisdiction to enter a judgment therein, which at the time the action at bar was instituted, and when the judgment appealed from was entered, was in full force and effect. The plaintiff and the original defendant in the case at bar were parties to that suit. The present defendant has succeeded him in his official capacity. In these circumstances, the judgment rendered in August, 1903, precludes the plaintiff from maintaining his present replevin action. He is bound by that judgment until reversed, set aside or modified in a proceeding instituted for that purpose.

The judgment of the district court is affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.